**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|   |   |   |
|---|---|---|
| JOHNNY ESPARZA, on behalf of himself and all others similarly situated, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-23 |
| MARYLAND MARKETSOURCE, INC., et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Johnny Esparza ("Plaintiff") moves for remand of this action, brought against his former employer and related entities under federal and California law, to the Superior Court of California for the County of San Mateo. The case was originally filed in that court before being removed to the U.S. District Court for the Northern District of California and then transferred to this Court. Counterintuitively, Plaintiff insists that he lacks standing to maintain this action in federal court, leaving the defendants in the equally unusual position of struggling to identify a cognizable injury in Plaintiff's pleadings, which would allow the case to remain in federal court. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). Because Plaintiff lacks Article III standing, the Court will remand the case to the court of its original filing.

**I.    BACKGROUND**

Plaintiff, a resident of California, filed this action in the Superior Court of California for the County of San Mateo on April 12, 2018 against Maryland corporations Maryland

1

Marketsource, Inc., Allegis Group, Inc., and Allegis Group Holdings, Inc. ("Defendants"). ECF No. 1-2 ¶ 1.[1] Filed as a putative class action, Plaintiff's Complaint alleges that Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately November 19, 2013 until he was terminated on or about October 17, 2017. ECF No. 1-2 ¶¶ 15, 24.

The Complaint included ten counts. Counts 5 through 9 alleged violations of California labor laws. *Id.* ¶¶ 101–64. Counts 1 through 4 centered on the claim that Defendants performed credit and background investigations on Plaintiff when he applied for employment but failed to provide him adequate disclosures about the investigations as required by the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Counts 1 and 2) and two similar California statutes, the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code § 1786 *et seq.*, and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq.* (Counts 3 and 4). *Id.* ¶¶ 3, 25–26, 38–100. Count 10, brought under § 17200 of the California Business and Professions Code, known as the Unfair Competition Law ("UCL"), alleged that the violations of the FCRA, ICRAA, CCRAA, and California labor laws alleged in Counts 1 through 9 constituted unlawful business practices under California law. *Id.* ¶¶ 165–86.

Defendants removed the action to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1441 on May 18, 2018. ECF No. 1. Plaintiff filed an Amended Complaint pursuant to a stipulation on July 26, 2018, which added an eleventh count for civil penalties under the California Labor Code. ECF No. 16; ECF No. 16-1 ¶¶ 188–193; ECF No. 17. On September 21, 2018, pursuant to a stipulation that followed a partial Motion to

---

[1] An affidavit in support of removal filed by the General Counsel of Defendant Maryland MarketSource, Inc. explains that entity is a trade name used in California of "MarketSource, Inc.," a Maryland corporation with its executive offices in Georgia, while Defendants Allegis Group, Inc. and Allegis Group Holdings, Inc. are Maryland corporations with principal offices in Maryland. ECF No. 1-5 ¶¶ 1–6. The precise identities of Defendants are not currently at issue.

Dismiss by Defendants on the same grounds, the court entered an order severing Counts 5 through 9 of the Amended Complaint and the component of Count 10 based on those counts and transferring them to the Eastern District of California, where a previously filed action against the same defendants was pending. ECF No. 34 at 2; *see* ECF No. 19.

Further pursuant to the stipulation and also previously sought in the partial Motion to Dismiss, the court dismissed Plaintiff's remaining claim in Count 10 that was predicated on violations of the FCRA, CCRAA, and ICRAA, dismissed Count 1 to the extent it alleged a negligent violation of the FCRA and sought injunctive and equitable relief under that statute, and Count 3's request for class damages under the ICRAA. ECF No. 34 at 2; *see* ECF No. 19 at 10, 20–23. Notably, Defendants' partial Motion to Dismiss for dismissal of Count 10's allegations predicated on FCRA, CCRAA, and ICRAA violations asserted that Plaintiff lacked standing for such a claim. *See* ECF No. 19 at 20–23.

Defendants also moved on August 2, 2018 to transfer the case to the U.S. District Court for the District of Maryland. ECF No. 20. Plaintiff responded in opposition, ECF No. 26, and Defendants replied, ECF No. 28. The court held a hearing and granted the motion to transfer from the bench on October 25, 2018. ECF No. 35. On May 17, 2019, after arriving in this Court, Plaintiff filed the pending Motion to Remand the case to the Superior Court of California for the County of San Mateo. ECF No. 50. Defendants responded on May 31, ECF No. 51, and Plaintiff replied on June 14, 2019, ECF No. 53. Defendants have filed several notices of supplemental authority that the Court has reviewed. ECF Nos. 55, 56, 57.

## II.     DISCUSSION

The defendant or defendants in a civil action filed in state court may remove the action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. §

3

1441. "The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The impact of this rule is that "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Federal courts must construe their removal jurisdiction "strictly because of the 'significant federalism concerns' implicated," and therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Md. Stadium Auth.*, 407 F.3d at 260 (alterations in original) (quoting *Mulcahey*, 29 F.3d at 151)."If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); s*ee Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

In his Motion to Remand, Plaintiff asserts that his Amended Complaint fails to allege an injury in fact sufficient to satisfy the requirements of Article III standing. ECF No. 50-1 at 3–4.[2] "Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). "To invoke federal jurisdiction, a plaintiff bears the burden of establishing the three 'irreducible minimum requirements' of Article III standing." *Id.* (quoting *David v. Alphin*, 704

---

[2] Plaintiff's position is counterintuitive but not illogical for a plaintiff who wishes to proceed in state court rather than federal court.

F.3d 327, 333 (4th Cir. 2013)). The plaintiff must demonstrate "(1) an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (i.e., a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is 'likely' and not merely 'speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *David*, 704 F.3d at 333 (alterations in original) (quoting *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008)).

In opposing Plaintiff's motion, Defendants assert that the Complaint and Amended Complaint establish several grounds for a cognizable injury across Counts 1, 3, 4, and 10.[3] First, though Defendants only select isolated passages to this effect from Counts 1, 3, and 4,[4] each claim asserts that "[a]s as a result of Defendants' unlawful [or illegal] procurement of [credit and/or background] reports by way of their inadequate [notice or disclosures] . . . Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the [FCRA, ICRAA, or CCRAA]." ECF No. 16-1 ¶¶ 58, 87, 99. Second, Defendants note that Plaintiff seeks "statutory damages and/or actual damages" and "punitive damages" for each of those claims. *Id.* ¶¶ 59, 88, 100.

Third, Defendants point to the allegation in Count 1 that "Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a

---

[3] Defendants repeatedly provide parallel citations to the original Complaint and Amended Complaint for allegations that are unchanged between the two filings. This apparently stems from Defendants' mistaken belief, addressed further below, that Plaintiff's standing must be assessed based on the allegations in the original Complaint, which was the operative pleading when Defendants removed the case to federal court, rather than the current pleading before this Court, which is the Amended Complaint with the dismissed counts eliminated. *See Nat'l Fed'n of the Blind v. U.S. Dep't of Educ.*, 407 F. Supp. 3d 524, 530–31 (D. Md. 2019) (assessing standing based on the plaintiff's amended complaint rather than the original complaint and collecting cases for this principle).

[4] It appears to be undisputed that Count 2 asserts no cognizable injury in fact.

5

summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made." *Id.* ¶ 56. Counts 3 and 4 contain paraphrases of the same allegation, coupled with claims that Defendants "procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with [the ICRAA or CCRAA]." *See id.* ¶¶ 85, 97. Finally, Defendants point to the allegation in Count 10 that Defendants' alleged violations of the FCRA, ICRAA, and CCRAA constitute "unfair competition" under California law and that "Plaintiff lost money or property as a result of the aforementioned fair competition." *Id.* ¶¶ 173, 179.

Taking the final allegation first, Defendants' reliance on Plaintiff's claim of "lost money or property" is misplaced because Count 10 has been dismissed by joint stipulation of the parties. ECF No. 34 at 2. The claim was thereby struck from the Amended Complaint and any allegations of injury that it contains are no longer before the Court. Defendants challenge the result of this conclusion by claiming it is "settled law that Plaintiff's post-removal dismissal of his UCL claim does not support remand of this action because the relevant factual allegations are those contained in Plaintiff's complaint at the time of removal, and thus subsequent alterations to the complaint cannot destroy subject matter jurisdiction, including standing." ECF No. 51 at 8. Defendants reiterate that "whether Article III standing – and thereby federal jurisdiction – exists in this matter must be based upon the pleadings at the time of removal." ECF No. 51 at 10.

First, it is inaccurate to characterize the dismissal of Count 10 as "Plaintiff's post-removal dismissal." In fact, the claim was dismissed pursuant to a stipulation, which followed a motion by Defendants claiming that Plaintiff lacked standing for the claim. *See* ECF No. 19 at 20–23. In any case, Defendants' argument that its position is "settled law" is mistaken. The case law that Defendants cite focuses on holding plaintiffs to earlier allegations about citizenship of

the parties or the amount in controversy as a sanction for the plaintiffs' post-removal attempts to frustrate federal diversity jurisdiction. *Id.* at 8–10, 11–13.

Those issues are matters of the statutory jurisdiction Congress has created for federal district courts. None of the cases hold, nor could they, that a court may revive dismissed claims so that a defendant can cite allegations made within them to claim that Plaintiff has standing. Article III standing is the sine qua non of federal subject matter jurisdiction and its potential absence after some of a plaintiff's claims are dismissed cannot simply be overlooked by a federal court as a sanction for procedural gamesmanship. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Because Defendants make no claims of jurisdictional manipulation that are within the Court's power to remedy, there is no basis in this case for the Court to look back to the Complaint as it stood when Defendants removed it to federal court on May 18, 2018.[5] The operative pleading for purposes of determining standing is the Amended Complaint, ECF No. 16-1, as modified by the September 21, 2018 Order dismissing Count 10. ECF No. 34 at 2. Therefore, the "lost money or property" allegation in that Count is irrelevant.

For this reason, Defendants' reliance on the decisions in *Rodriguez v. U.S. Healthworks, Inc.*, 388 F. Supp. 3d 1095 (N.D. Cal. 2019), and *Azeveda v. Comcast Cable Commc'ns LLC*, No. 5:19-cv-01225-EJD, 2019 WL 5102607 (N.D. Cal. Oct. 11, 2019). is misplaced. Both of those cases denied the plaintiff's motions to remand removed putative class actions against the plaintiff's employers for violating the FCRA, ICRAA, CCRAA, and UCL. *Rodriguez*, 388 F. Supp. 3d at 1099; *Azeveda*, 2019 WL 5102607, at *1. Both cases found that allegations of "lost

---

[5] Defendants claim that "[t]he existence of standing under Article III is . . . determined *at the time of removal* because only cases that originally could have been filed in federal court may be removed, and federal courts have jurisdiction only when constitutional standing requirements are satisfied." ECF No. 51 at 8. That statement is true enough, but it does nothing to address the requirement, imposed by 28 U.S.C. § 1447(c), that at any time before final judgment, a federal court must remand a case if subject matter jurisdiction no longer exists. As Defendants in fact note in a footnote, "[i]f standing did not exist *at the time of removal*, that lack of jurisdiction can be raised at any time." *Id.* at 10 n.4. That is precisely what Plaintiff's Motion to Remand does here.

money or property," asserted in UCL claims that were premised on FCRA, ICRAA, and CCRAA violations, constituted economic injury sufficient for an injury in fact, and both cases centrally ground their finding that the plaintiff had standing on that conclusion. *Rodriguez*, 388 F. Supp. 3d at 1101–03; *Azeveda*, 2019 WL 5102607, at *5. Because such an allegation is not before this Court, these cases are inapposite.

The remaining allegations that Defendants claim assert a cognizable injury in fact fail to do so, as several decisions assessing highly similar claims in the Northern District of California have concluded. First, the claim that Defendants unlawfully procured credit or background reports on Plaintiff and class members without adequate disclosures, "invad[ing]" their "privacy and statutory rights," ECF No. 16-1 ¶ 58, is the kind of "bare procedural violation . . . of one of the FCRA's procedural requirements" that the Supreme Court in *Spokeo, Inc. v. Robins* held is insufficiently concrete to constitute an injury in fact. 136 S. Ct. 1540, 1549 (2016).

The court in *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507 (N.D. Cal. June 20, 2018), reached this conclusion on essentially identical allegations to those here. *See id.* at *2, *5. Key considerations for the court there were that the plaintiff did not allege that she was confused by a disclosure form that Defendants provided her, that she would not have signed it if it were compliant with the FCRA, that she was not aware of what it authorized, or that she was denied employment. *Id.* at *5. These allegations amounted only to claiming "a 'bare procedural violation' of the FCRA." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

As in *Williams*, no such allegations are present here; all that Plaintiff asserts is an unelaborated claim of invasion of "privacy and statutory rights." ECF No. 16-1 ¶ 58. Standing to assert an FCRA violation requires more. *Cf. Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345–47 (4th Cir. 2017) (finding that the plaintiff lacked standing for an FCRA claim against a

8

credit reporting agency for listing the wrong credit dispute servicing company on a report because the plaintiff failed to show that the violation "adversely affected his conduct in any way"). Other courts reviewing the same types of FCRA allegations asserted here and in *Williams* – claims of invasion of "privacy and statutory rights" without explanation – have reached the same conclusion and accordingly granted motions to remand. *See Moore v. United Parcel Serv., Inc.*, No. 18-cv-07600-VC, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019); *Mansapit v. Deluxe Corp.*, No. 19-cv-00790-HSG, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019).[6]

Defendants claim *Williams* and similar cases are distinguishable because they "did not involve an offensive remand motion attempting to forum shop to fend off a successful transfer of venue." ECF No. 51 at 15. But the odd procedural posture of this case, and the aggressive litigation strategies that both sides – not only plaintiff – have pursued, are irrelevant to the fundamental question of whether Plaintiff has standing to remain in federal court. Finally, Defendant's last claimed source of an injury in fact, Plaintiff's requests for "actual damages," falls well short of the mark. Allowing a Plaintiff to manufacture a justiciable case simply by requesting damages would eviscerate the case or controversy requirement.

Because none of the post-stipulation Amended Complaint's allegations give rise to a cognizable injury in fact, this case may not proceed in federal court. The U.S. Court of Appeals for the Ninth Circuit's recent decision in *Patel v. Facebook*, 932 F.3d 1264 (9th Cir. 2019), offered by Defendants as supplemental authority, does not change this conclusion. ECF No. 55. In that case, the court considered whether Facebook's use of facial recognition technology violated an Illinois statute that creates obligations regarding "collection, retention, disclosure, and destruction of biometric identifiers and biometric information." 932 F.3d at 1269 (quoting

---

[6] Notably, both *Moore* and *Mansapit* included allegations of "lost money or property" as elements of UCL claims, but nonetheless found the allegations insufficient for standing.

*Rosenbach v. Six Flags Entm't Corp.*, 129 N.E. 3d 1197, 1203 (Ill. 2019)). The court found that "collection, use, and storage of biometric identifiers without a written release . . . and the failure to maintain a retention schedule or guidelines for destroying biometric identifiers" was not merely a procedural violation of the statute, but would necessarily violate substantive privacy interests of the plaintiffs. *Id.* at 1274–75.

A subsequent decision in the Central District of California, *Pitre v. Wal-Mart Stores, Inc.*, No. SA CV 17-01281-DOC-DFMx, 2019 WL 5294397, at *7 (C.D. Cal. Oct. 18, 2019), held that the same FCRA violation and invasion of "privacy and statutory rights" that Plaintiff alleges here did not confer standing, and cogently explained why *Patel* did not control. Most importantly, *Patel* distinguished its result "from the example of an FCRA violation that breaches the terms of the statute without harming the substantive interest the FCRA was created to protect." *Id.* (citing *Patel*, 932 F.3d at 1274–75). And the injury plaintiffs alleged in *Pitre*, the same injury alleged by Plaintiff here, "is just of this sort." *Id.* Specifically, the *Pitre* plaintiffs understood that they might be subject to a background check by their employer, they consented, and there is no evidence they would have withheld their consent had the employer's disclosures been FCRA-complaint. *Id.* Unlike the *Patel* plaintiffs, therefore, the *Pitre* plaintiffs had failed to claim any injury beyond a bare procedural violation. *Id.* The same conclusion applies here.

Defendants finally claim that if the Court lacks subject matter jurisdiction, a remand to state court would be futile because Plaintiff's claims are time-barred, and therefore the Court should dismiss the case. ECF No. 51 at 16. Though some circuits have recognized a narrow futility exception to § 1447(c), the Fourth Circuit has not, holding that "[t]he plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject-matter jurisdiction.'" *Roach v. W. Va. Reg'l Jail & Corr.*

*Facility Auth*, 74 F.3d 46, 49 (4th Cir. 1996) (quoting *Int'l Primate Prot. League*, 500 U.S at 89); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 589 (4th Cir. 2006) (reaffirming *Roach*); *Virginia v. Banks*, 498 F. App'x 229, 230 (4th Cir. 2012); *Gutierrez v. First Nat'l Bank of Am.*, No. GJH-18-479, 2018 WL 4562959, at *5 (D. Md. Sept. 21, 2018); *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 534–35 (D. Md. 2016). Thus, because Plaintiff lacks standing and the Court accordingly lacks subject matter jurisdiction, § 1447(c) requires the Court to remand the case.

### III. CONCLUSION

For the foregoing reasons, this case will be remanded to the Superior Court of California for the County of San Mateo.

Date: <u>February 21, 2020</u>　　　　　　　　　　<u>　/s/　　　　　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge